# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HEVERTH ULISES CASTELLON<br><br>Defendant. | 3:08-CR-00134-RJC |

## MOTION FOR RECONSIDERATION

Comes now Heverth Castellon, by and through his attorney, Nicole Lybrand, Assistant Federal Defender, and moves this Court to Reconsider its decision denying resentencing in absentia. In support Mr. Castellon provides supplemental caselaw. Mr. Castellon also requests this Court stay the transport order previously entered.

## ARGUMENT

The United States Court of Appeals for the Fourth Circuit has addressed Federal Rule of Criminal Procedure 43 as it relates to a defendant's right to be present at resentencing. In *United States v. Lawrence*, the Court held that the district court's decision to exclude Mr. Lawrence, over his strenuous objection, from being physically present at his resentencing was in error. 248 F.3d 300 (4th Cir. 2001). The right to be present at

resentencing is not absolute; federal rule of criminal procedure 43 offers limited exceptions where a defendant's physical presence is not required. *Id*. at 304.

"Rule 43 states that the defendant will be considered to have waived the right to be present whenever a defendant 'in a noncapital case, is voluntarily absent at the imposition of sentence.'" *Id*. The Court went on to hold that Lawrence's case did not fall within this exception because "there was nothing 'voluntary' about Lawrence's absence in the sense that voluntary has been repeatedly used by the Supreme Court. *See, e.g., Ricketts v. Adamson, 483 U.S. 1, 8-11, 97 L. Ed. 2d 1, 107 S. Ct. 2680 (1987)* (voluntariness is knowing and understanding the waiver); *Johnson v. Zerbst, 304 U.S. 458, 464-65, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938)* (knowing and intelligent waiver required for voluntariness)." *Id*.

Mr. Lawrence objected as soon as he was notified of the Court's intent to proceed via video teleconferencing, he then filed an interlocutory appeal, and then again renewed his objection and requested to be present at the beginning of the resentencing hearing. *Id*. In contrast, Mr. Castellon, after conferring with counsel, has executed a knowing and voluntary waiver of his right to be present at his resentencing and has filed said waiver with the Court.

A sister court in the District of South Carolina addressed a similar issue in *Bryan v. United States*, 2019 WL6790079 (D. S.C. 2019). The Court found that even if Bryan did have a right to be present for the hearing when his new sentence was imposed, he validly

waived it when he entered a waiver of appearance:

> Bryan waived any right to appear in connection with his sentence reduction. A defendant may waive his right to be present 'in a noncapital case, when the defendant is voluntarily absent during sentencing.' Fed R. Crim. P. 43(c)(1)(B). Bryan filed a 'Waiver of Appearance at Resentencing' on July 7, 2015, one month before the court modified his sentence and entered judgment against him.

*Id*. at 4. Although *Bryan* presents a slightly different procedural situation than *Castellon*, the *Bryan* Court made clear that the type of hearing at issue is not what carried its analysis, rather it was Bryan's waiver. "[E]ven assuming that Bryan had a right to appear in connection with the modification of his sentence, he validly waived that right under Fed. R. Crim. P. 43(c) through his voluntary absence." *Id*.

The above cases provide the requested authority and demonstrate that Mr. Castellon's waiver is valid. His Motion for resentencing in absentia should be granted. The government does not object to Mr. Castellon's request to be resentenced in absentia.

**WHEREFORE**, Heverth Castellon respectfully requests the Court reconsider its denial of his motion and allow resentencing in absentia and stay the transport order.

Respectfully submitted,

*/s/ Nicole Lybrand*

Nicole Lybrand
AR Bar No. 2010215
NC Bar No. 59591
Assistant Federal Public Defender
129 West Trade Street, Suite 300
Charlotte, NC 28202
Phone: (704) 374-0720
Fax: (704) 374-0722
Email: Nicole_Lybrand@fd.org
***Counsel for Heverth Castellon***