IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CR-00134-RJC-DSC

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HEVERTH ULISES CASTELLON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's Motion for Reconsideration, (Doc. No. 1760), of the denial, (Doc. No. 1759: Order), of his Motion for Resentencing in Absentia, (Doc. No. 1758).

The decisions cited in the instant motion do not persuade the Court to reconsider its previous ruling. In United States v. Lawrence, the United States Court of Appeals for the Fourth Circuit held that Rule 43(a) of the Federal Rules of Criminal Procedure "requires a defendant to be present at every stage of the trial, including, at the imposition of sentence." 248 F.3d 300, 303 (4th Cir. 2001) (internal quotation marks omitted). The exception in Rule 43(b) for being "voluntarily absent" was not met because the defendant neither absconded nor disrupted the present proceedings; therefore, it was error for sentencing court to consign him to video conferencing. Id. 304-305. That case did not involve a defendant's agreement to waive his physical presence, which a panel of the Fourth Circuit previously held was impermissible. United States v. Tolson, 129 F.3d 1261, 2017 WL 712922, slip

op. at *2 (4th Cir. Nov. 17, 1997) (unpublished) (plain error for sentencing court to take guidelines issue under advisement and issue sentence in absentia even though defendant did not object).

In <u>Bryan v. United States</u>, a district court modified a defendant's Armed Career Criminal sentence when <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), was issued nine days after the sentencing hearing. No. 9:13-cv-0716, 2019 WL 6790779, slip op. at *3-4 (D.S.C. Dec. 12, 2019). The court recognized a defendant's right to be present at sentencing or resentencing when the original sentence is vacated, but not merely modified. The alterative finding that the defendant waived under Rule 43(c) "any right to appear" was dicta and not persuasive to this Court considering <u>Tolson</u> and <u>United States v. Howell</u>, 24 F.4th 1138, 1143 (7th Cir. 2022) (Rule 43(a)'s physical presence requirement cannot be waived with defendant's consent).

**IT IS, THEREFORE, ORDERED** that the defendant's Motion for Reconsideration, (Doc. No. 1760), is **DENIED**.

The Clerk is directed to certify copies of this Order to the Federal Public Defender, the United States Attorney, the United States Probation Office, and the United States Marshals Service.

Signed: January 30, 2023

_____
Robert J. Conrad, Jr.
United States District Judge